UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CV-00017-TBR

**GREGORY D. BANKS**                                                                               **PLAINTIFF**

v.

**BONITA J. BRADLEY, and**
**GEICO GENERAL INSURANCE COMPANY**                                      **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's motion to remand. Mot. Remand, Docket Number ("DN") 5. Defendant Bonita Bradley has responded. Def.'s Response, DN 6. The Plaintiff has replied. Pl.'s Reply, DN 7. This matter is now ripe for adjudication. For the following reasons the Plaintiff's motion is GRANTED.

## BACKGROUND

The Plaintiff, Gregory Banks ("Banks"), a citizen of Kentucky, was injured in a two-car accident in Clinton County, Kentucky, on September 21, 2010. The driver of the second vehicle was Defendant Bonita Bradley ("Bradley"), a citizen of Illinois. On July 29, 2011, Banks sued his no-fault insurance carrier, Defendant GEICO General Insurance Company ("GEICO"), and Bradley in Clinton County Circuit Court. In his complaint, Banks seeks to recover several measures of damages, including, but not limited to, pain and suffering, lost wages, past and future medical expenses, and punitive damages. Bradley was served on January 7, 2012, and removed to federal court on February 2, 2012. On February 21, 2012, Banks moved to remand, arguing that the Court lacked jurisdiction because Bradley failed to show that the amount in controversy was greater than $75,000.00.

All agree that the parties are diverse. They disagree, however, on the amount in

controversy. Banks argues that removal was premature because no discovery has been taken, and the amount of his damages is uncertain. Bradley, on the other hand, claims that diversity jurisdiction exists because she has presented evidence showing that it is more likely than not that the amount in controversy exceeds $75,000.00.

## STANDARD

Under 28 U.S.C. § 1441(b), a case may be removed to federal court if the requirements for diversity jurisdiction are met. For a court to have diversity jurisdiction over a claim the amount in controversy must exceed $75,000.00 and the plaintiffs and defendants must be completely diverse, e.g., citizens of different states. 28 U.S.C § 1332(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191 (2010)). Where the complaint fails to identify a specific amount of damages, the defendant may prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See id.* at 156-60; *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("This Court places a burden on the defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy has been met" (citing *Gafford*, 997 F.2d at 158)). Finally, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted).

## DISCUSSION

The sole issue before the Court is whether the case was wrongfully removed because Bradley failed to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. The Court finds that removal was improper because Bradley failed to carry

her burden of proof.

Bradley removed to this Court on February 1, 2012. Notice of Removal, DN 1. On the same day, Bradley's attorney, Bradford Breeding, sent Banks's attorney, Daniel Yeast, a letter requesting that the Banks stipulate that damages were less than $75,000.00. DN 6-1. If Banks would do so, Bradley would agree to remand the case to state court. *Id.* On February 2, 2012, Yeast responded that such a stipulation would be inappropriate because the amount of damages was unknown, no medical proof had been taken, and Banks was still undergoing treatment for his injuries. DN 6-2. Yeast also told Breeding, "If you feel that the case is worth in excess of $75,000.00, which you must due to your Notice of Removal, I would suggest you make an offer in excess of $75,000.00 which I would be more than willing to discuss with my client." *Id.* At no point in the response letter, however, did Yeast suggest that his client's damages were in excess of the jurisdictional amount. In fact, Yeast indicated that amount of damages was unknown and that he would be "filing a motion to remand since we have not valued the case at this point." *Id.*

Bradley opposes remand on two grounds. First and foremost, Bradley argues that "Banks's refusal to stipulate as to the amount in controversy belies his claim that this action must be remanded because the amount in controversy has not been satisfied." Def.'s Resp., DN 6, p. 3. "Because Banks refuses to concede that the damages he will try to recover fall below the amount in controversy requirement, Bradley has established the amount in controversy requirement for diversity jurisdiction by preponderance of the evidence." *Id.* at p. 4. Bradley's argument is contrary to the holdings of the Sixth Circuit district courts considering this issue. *See Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009) (finding that a plaintiff's refusal to stipulate to damages below the jurisdictional amount "has no bearing on the

3

propriety of removal."); *see also Stratton v. Konecranes, Inc.*, 2010 U.S. Dist. LEXIS 52910, at *8 (E.D. Ky. 2010) ("A refusal to stipulate, by itself, would not justify removal . . . ."); *Holt v. HMS Host USA*, 2009 U.S. Dist. LEXIS 52948, at *8 (M.D. Tenn. 2009) ("[A plaintiff's] refusal to stipulate that the damages are less than $75,000 does not itself justify removal."); *Kittle v. First Republic Mortg. Corp.*, 2007 U.S. Dist. LEXIS 49192, at *7 (W.D. Ky. 2007) ("That [the plaintiff] refused to stipulate that his claim against [the defendant] is less than $65,000, does not mean that the claim is more likely than not more than $75,000."); *Davis v. BASF Corp.*, 2003 U.S. Dist. LEXIS 26155, at *6 (E.D. Mich. 2003) ("If a defendant asks a plaintiff to stipulate, the case cannot be removed based solely on this refusal.") (collecting cases). All of these cases make clear that a plaintiff's refusal to stipulate to damages, alone, is insufficient to demonstrate that diversity jurisdiction exists and removal is proper. *Dobson v. United Airlines, Inc.*, 2002 U.S. Dist. LEXIS 27714, at *1-2 (N.D. Cal. 2002), provides a brief but cogent analysis of the issue.

> Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal. The burden is on defendants, not the plaintiff, to prove the amount in controversy. If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court.

Accordingly, Banks's refusal to stipulate that his damages are not less than $75,000.00 is not proof that such damages are in excess of $75,000.00. Bradley's first argument in opposition to remand is without merit.

Bradley also argues that this case was properly removed because the types of damages sought by Banks make it more likely than not that the amount in controversy exceeds $75,000.00. While it is true that Banks seeks to recover multiple types of compensatory

4

damages, as well as punitive damages, the fact that a plaintiff has alleged certain types of damages is not proof that those damages will exceed the statutorily-required amount in controversy.  Again, where the amount of damages is not specified, the defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.00.  *See Gafford*, F.2d at 155.  By merely pointing to the types of damages Banks seeks to recover, Bradley has failed to show that it is more likely than not that those damages will exceed $75,000.00.  Bradley has submitted no proof on this issue.  Accordingly, Bradley's second argument in opposition to remand is also without merit.

## CONCLUSION

Plaintiff Gregory Banks has moved to remand this case to the Clinton County Circuit Court.  For the foregoing reasons, the Plaintiff's motion is GRANTED.  An appropriate order shall issue.